1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| KENNETH FISHER, | CASE NO. 09-CV-2572-JM (BGS) |
|---|---|
| Plaintiff, | **ORDER IN RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |
| vs. | |
| JEFFREY HOUSER, San Diego County Deputy Sheriff; and CHRIS HYDAR, San Diego County Deputy Sheriff, | |
| Defendants. | |

On August 11, 2010, Plaintiff Kenneth Fisher and Defendants Jeffrey Houser and Chris Hydar filed a joint motion for determination of discovery dispute regarding Plaintiff's request for production of peace officer personnel and internal affairs records. (Doc. No. 13.) Defendants object to the production of this material asserting that it is irrelevant, confidential under state law, and privileged under state and federal law.

**Dispute Background**

Plaintiff brought this case against Defendants alleging causes of action for: 1) warrantless seizure under 42 U.S.C. §1983; and 2) unreasonable seizure: excessive force under 42 U.S.C. §1983. (Doc. No. 1, Compl.) Plaintiff contends that he was falsely arrested and subjected to excessive force in the context of a law enforcement contact arising from Plaintiff sleeping in his car. The parties' joint motion for determination of discovery dispute concerns

five requests for production of peace office personnel and internal affairs records. In response to these requests, Defendants assert in the joint motion that: a.) records are irrelevant and cannot lead to admissible evidence; b.) material is private and confidential under state law; c.) material is subject to the official information privilege; d.) the requested internal affairs reports and performance evaluations are protected from disclosure by the federal required reports privilege; e.) material is subject to the self-critical analysis privilege; and f.) material is subject to the deliberative process privilege.[1] (Doc. No. 13 at 3-10.)

The parties, by Court order, have submitted supplemental briefing on the privileges claimed, the declaration from the agency official asserting the official information privilege as required by Hampton v. City of San Diego, 147 F.R.D. 227 (S.D. Cal. 1993), and a privilege log. (Doc. Nos. 16, 17, & 20.) Defendants have also lodged with the Court the documents identified in the privilege log for *in camera* review.

## Discussion

**I. Relevancy**

The Court must first determine whether the documents Plaintiff seeks are relevant. Defendants have objected to Plaintiff's requests No. 6, 7, 8, 9, and 10 on the grounds that they seek irrelevant information.

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter that is "not privileged" and "relevant to the subject matter involved in the pending action." See Fed.R.Civ.P. 26(b)(1). Furthermore, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised

---

[1]To the extent Defendants have objected on other grounds to these requests, the Court will not address those not briefed by Defendants in the joint motion and only asserted through blanket objections. Defendants have waived these objections by failing to provide reasons for the objections as required under Fed. R. Civ. Proc. 34(2)(B).

in the pleadings. Id.

A. <u>Request No. 6: Copies of all reports, interviews, witness statements, investigative summaries or any other document or tape recording generated as a result of the San Diego County Sheriff's Department's investigation of the incident and/or citizen's complaint which is the subject of this lawsuit including but not limited to the complete internal affairs division investigation of this incident including its conclusions</u>

The internal documents concerning the incident from which this lawsuit arises are clearly relevant and within the scope of discovery. These documents reflect Plaintiff's complaint of excessive force, the names of the deputies involved, witnesses identified, as well as findings and conclusions about the event. The Court finds that documents related to the incident that is the subject of this lawsuit are relevant. These documents are identified in the privilege log as p0001-p0053.

B. <u>Request No. 7: Copies of all records of reports or complaints filed, pending, completed and/or otherwise made alleging the use of excessive force, aggressive conduct, unnecessary violence, unnecessary force, and/or any other improprieties by Defendants (regardless of the outcome, disposition or result of the complaint, report or investigation)</u>

The Court finds that Plaintiff's request for other reports or complaints is overbroad, as Plaintiff requests reports or complaints made against Defendants for any improprieties. The Court finds this request is relevant only to the extent that it seeks records of reports or complaints against the named Defendants that allege excessive force, aggressive conduct, unnecessary violence or unnecessary force. Such documents may lead to the discovery of admissible evidence, as information contained therein could arguably be used pursuant to Fed. R. Evid. 404(b) or 608(b) and may be relevant on the issue of punitive damages. See <u>Hampton v. City of San Diego</u>, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (finding information concerning other instances of conduct relevant to punitive damages as it "may lead to evidence of a continuing course of conduct reflecting malicious intent). After reviewing the documents submitted to the Court for *in camera* review, the Court finds that p0078-0079, p0081, and p0175-0177 are irrelevant and unlikely to lead to the discovery of admissible evidence. The

Court finds that documents numbered p0075-0077, p0080, p0082-0088, p0141-p0174, and p0258-0279 are relevant and responsive to Plaintiff's request No. 7.

C. <u>Request No. 8: Any records of discipline imposed upon Defendants as a result of the present incident or any other act of violence, aggression, unnecessary force, or other improper actions (regardless of the outcome, disposition or result of the complaint, report or investigation.)</u>

To the extent that they exist, the Court finds that any records of discipline imposed upon the named Defendants as a result of the incident at issue in this case or other acts of violence, aggression, or unnecessary force are relevant. Such documents relate to the outcome of internal affairs investigations based on reports or complaints of violence, aggression, or unnecessary force and may lead to the discovery of admissible evidence under Fed. R. Evid. 404(b) or 608(b). However, the Court finds Plaintiff's request for discipline imposed for "other improper actions" is overbroad. After reviewing the documents *in camera*, the Court finds documents numbered p0280-0299 are responsive to Plaintiff's request No. 8 and relevant.

D. <u>Request No. 9: All records which reflect the performance of Defendants including but not limited to personnel records, performance records, performance evaluations, training records, police academy records, and discipline records. (regardless of the outcome, disposition or result of the complaint, report or investigation.)</u>

The Court finds Plaintiff's request for all personnel information and performance evaluations of Defendants is overbroad. Defendants are largely evaluated in areas which bear no relationship to the claims of false arrest and excessive force presented in this case. Therefore, the Court finds that only those portions of performance evaluations that relate to judgment, law enforcement and corrections procedures, enforcement tactics, and knowledge of policies and procedures are relevant to Plaintiff's claims. See <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 615 (N.D. Cal. 1995) (finding that performance evaluations "may be quite relevant to issues involved in Plaintiff's excessive force claim, because such documents may reveal the defendant officers' patterns of behavior"). However, the Court will limit the relevant portions of the performance evaluations of Defendants to three years prior to the incident at issue in this

case, which occurred on December 4, 2008. Evaluations more than three years old would be of little probative value and unlikely to lead to the discovery of admissible evidence. Additionally, the burden on Defendants to produce evaluations more than three years old outweighs any relevancy they may have. The relevant portions of personnel information and performance evaluations identified above are found in documents numbered p0307-0354 and p1218-1247.

The Court also finds that Plaintiff's request for all training records and police academy records is overbroad. The Court finds Defendants' training records are relevant to the extent they reflect arrest and use of force training, as these may lead to discovery of admissible evidence. After reviewing the documents submitted *in camera*, the Court finds relevant documents numbered p0439, p0443-0448, p0452-0455, p0477, p0479, p0494-0498, p0512-0517, p0543, p1255, and p1257.

E. <u>Request No. 10: The applications for employment and all other supporting documents submitted by Defendants when they applied to any law enforcement agency, including the San Diego County Sheriff's Department for employment</u>

The Court finds that Plaintiff's request for Defendants' employment applications and supporting documents seeks irrelevant information on Plaintiff's claims of false arrest and excessive force in this case. Plaintiff has not asserted a <u>Monell</u> claim against the County for for its policies of hiring, training, supervision or control. After reviewing the documents submitted *in camera*, the Court finds irrelevant documents numbered p0548-0574, p0583-0585, p0592-0593, p0656, p0666, p0693-0697, p1330-1331, p1355-1376, p1401, p1402-1405, p1446-1464, p1470-1472, and p1477-1489.

**II. Privileges**

**A. Private and Confidential Under State Law Privileges**

Defendants assert that police officer employment/personnel files are private under California state privacy laws and therefore should not be disclosed, even in a case brought pursuant to federal law. (Doc. No. 13 at 4-7.) Plaintiff brought this case under a federal statute, 42 U.S.C. §1983, and it is well settled that "questions of evidentiary privilege arising

1 in the course of the adjudication of federal rights are governed by the principles of federal
2 common law." Miller v. Pancucci, 141 F.R.D. 292, 297 (C.D. Cal. 1992) (citing United States
3 v. Zolin, 491 U.S. 554 (1989)); see also Fed. R. Evid. 501.  Accordingly, this Court will not
4 apply California statutory privileges to Plaintiff's federal claims and Defendants may not
5 withhold the documents sought on state privilege law grounds.  See, e.g., Garrett v. City and
6 County of San Francisco, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987).

### B. Required Reports Privilege

Defendants also object to the production of police officer employment/personnel files on the ground that they are protected from disclosure by the federal required reports privilege. (Doc. No. 13 at 8.) Defendants cite to proposed Federal Rule of Evidence 502 for the assertion of this privilege. (Id.)  However, Defendants have cited no controlling authority applying this privilege. The case Defendants do cite in support of their assertion of the required reports privilege discusses it as being another name for the official information privilege. See Ass'n for Women in Science v. Califano, 566 F.2d 339, 343-44 (D.C. Cir. 1977).  Accordingly, the Court will not apply the required reports privilege and Defendants may not withhold the requested materials on this basis.

### C. Self-Critical Analysis Privilege

Defendants assert that the police officer employment/personnel files at issue in this case are protected from disclosure by the self-critical analysis privilege.  (Doc. No. 13 at 9.)  As Defendants themselves note, the self-critical analysis privilege has not been adopted by the Ninth Circuit.  (Id., citing Dowling v. Am. Hawaii Cruises, Inc., 971 F.2d 423, 426 (9th Cir. 1992)); see also Union Pac. R. Co. v. Mower, 219 F.3d 1069 (9th Cir.2000).  Accordingly, the Court will not apply the self-critical analysis privilege to this case and Defendants may not withhold the requested materials on this basis.

### D. Deliberative Process Privilege

Defendants claim that the deliberative process privilege, which is a sub-category of the executive privilege, protects from disclosure relevant internal affairs investigations and the deputies' performance evaluations.  (Doc. No. 13 at 9-10.)  Again, Defendants cite to no

controlling authority applying the deliberative process privilege to these types of documents in the context of a civil rights case. Other courts in the Ninth Circuit have similarly rejected a defendant's use of the deliberative process privilege in relation to internal affairs investigations and records of witness/police officer statements, as these communications are not designed to contribute to the formulation of important public policy and are routinely generated. See Soto v. City of Concord, 162 F.R.D. 603, 612-13 (N.D. Cal. 1995) ("The 'deliberative process' privilege, closely related to the self-critical analysis privilege, is also inappropriate for use in civil rights cases against police departments."); Pittman v. County of San Diego, 2010 WL 3733867 *3 (S.D. Cal., Sept. 17, 2010). Accordingly, the Court rejects Defendants' use of the deliberative process privilege and Defendants may not withhold the documents Plaintiff requests on that basis.

### E. Official Information Privilege

Defendants assert that the requested documents are privileged under the "official information" privilege. Federal common law recognizes a qualified privilege for official information. Kerr v. U.S. Dist. Ct. for the Northern Dist., 511 F.2d 192, 198 (9th Cir.1975). In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987); Miller, 141 F.R.D. 292, 300 (C.D. Cal. 1992); Hampton, 147 F.R.D. at 230-31. In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure." Kelly, 114 F.R.D. at 661.

However, the party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Soto, 162 F.R.D. at 613 (citing Kelly, 114 F.R.D. at 669); see also Hampton, 147 F.R.D. at 230.

> The affidavit or declaration from the agency official must include: (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality . . . , (2) a statement that the official has

1
2
3
4
      personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

5 Id. at 230-31 (citing Kelly, 114 F.R.D. at 670).

6       If the party invoking the privilege fails to satisfy this threshold burden the documents
7 in issue should be disclosed. Soto, 162 F.R.D. at 613. If the threshold showing requirements
8 are met, the court must weigh whether confidentiality outweighs the requesting party's need
9 for the information. Hampton, 147 F.R.D. at 231; see also Kelly, 114 F.R.D. at 657-58. The
10 factors courts consider in conducting a case by case balancing analysis include how the
11 requested information is relevant to the litigation or is reasonable calculated to lead to the
12 discovery of admissible evidence, the interests of plaintiff's that would be harmed if the
13 material is not disclosed, how the harm to plaintiff would occur and how extensive it would
14 be, why it would be impossible or impracticable to acquire information of equivalent value
15 through alternative means, the governmental or privacy interests threatened by disclosure of
16 the material to plaintiff and/or his lawyer, and how disclosure under a tightly drafted protective
17 order would create a substantial risk of harm to significant governmental or privacy interests.
18 See Hampton, 147 F.R.D. at 231.

19       The Court finds, in reviewing the agency official's declaration, that Defendants have
20 met the threshold requirements. Therefore, the Court will weigh Plaintiff's need for the
21 information against Defendants' interest in confidentiality of the requested relevant
22 information.

23       1. Request No. 6: Information related to this incident

24       In balancing the parties' interests related to Plaintiff's requests for documents arising
25 from or related to the incident at issue in this case, the Court finds that Plaintiff's need for the
26 information outweighs Defendants' asserted confidentiality concerns. The police report,
27 citizen complaint, and internal affairs investigation arising from the incident at issue are highly
28 relevant to the case and Plaintiff is unable to obtain this information through alternative means.

Defendants' assertion that internal affairs records should be kept confidential so that the government's interest in effective law enforcement can be enhanced does not override Plaintiff's need for this highly relevant information. (Doc. No. 17 at 3); see Bernat v. City of California City, 2010 WL 4008361 at *6 (E.D. Cal. Oct. 12, 2010) ("Repeatedly, courts have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents.") (citing Martinez v. City of Stockton, 132 F.R.D. 677, 683 (E.D.Cal.1990); Hampton, 147 F.R.D. at 230; and Miller, 141 F.R.D. at 301).

Defendants also argue that personnel records contain sensitive personal information such as medical histories, family, residence, social security numbers, and financial information that can expose deputies and their families to safety risks and fraud if disclosed. (Id. at 1-2.) However, this information, which the Court agrees has no bearing on Plaintiff's false arrest and excessive force claims, can easily be redacted to protect Defendants' sensitive personal information. Accordingly, Defendants are to produce all relevant documents responsive to Request No. 6 (discussed above), with any sensitive personal information redacted and subject to the protective order entered in this case.

2. Request No. 7: Reports or Complaints against Defendants on similar incidents

The Court finds that Plaintiff's need for documents related to other incidents of aggression, excessive force, or unnecessary force outweighs Defendants' confidentiality interest. This information may lead to valuable motive, intent, pattern, or credibility evidence on the two principal defendants in this case. Plaintiff cannot obtain this information through alternative means. Defendants' assertion that internal affairs records require confidentiality because they may contain references to other Sheriff personnel other than named Defendants or may contain unsubstantiated accusations of misconduct does not override Plaintiff's need for this relevant information. (Doc. No. 17 at 2-3.)  Similarly, Defendants' assertion that producing this information would discourage persons who may provide information or diminish the confidentiality of others who have provided information to the Sheriff's department is not sufficient to override Plaintiff's need, especially if the production is subject to a protective order. (Doc. No. 17-1 ¶6); see Kelly, 114 F.R.D. at 664 (stating that "no

1  empirical study supports the contention that the possibility of disclosure would make officers
2  who participate (as respondents or as investigators) in internal affairs investigations less
3  honest," and "in the absence of special circumstances proved by law enforcement defendants,
4  courts should ascribe little weight to a police department's purported interest in preserving the
5  anonymity of citizen complainants").  Therefore, Defendants are to produce all relevant
6  documents responsive to Request No. 7 (discussed above), with sensitive personal information
7  redacted and subject to the protective order entered in this case.
8       3.   <u>Request No. 8: Records of discipline related to this or similar incidents</u>
9       The Court finds that Plaintiff's need for relevant records of discipline related to the
10 incident at bar or similar incidents outweighs Defendants' confidentiality interest. Disciplinary
11 records related to this incident or similar incidents of use of force may lead to the discovery
12 of admissible 404(b) and 608(b) evidence that Plaintiff cannot obtain through alternative
13 means.  Without this information, Plaintiff would be harmed by not having access to valuable
14 impeachment and pattern of behavior evidence.  Defendants assert that the objectives of
15 imposing discipline on deputies to improve deputies' performances and the quality of law
16 enforcement services are not served when these records are used for purposes outside their
17 intended purpose and scope.  (Doc. No. 17-1 ¶5.)  The Court finds that disclosure of this
18 information subject to a protective order will not significantly harm the government interest
19 in keeping disciplinary records confidential and will not undermine the objectives of improving
20 law enforcement through discipline.  Therefore, Defendants are to produce all relevant
21 documents responsive to Request No. 8 (discussed above), with sensitive personal information
22 redacted and subject to the protective order entered in this case.
23      4.   <u>Request No. 9:  Performance Evaluations and Training Records related to arrest and
24 use of force</u>
25      The Court finds that Plaintiff's need for relevant portions of performance evaluations
26 and relevant training records of the named Defendants outweighs Defendants' asserted
27 confidentiality interest. This information may lead to valuable motive, intent, or impeachment
28 evidence that Plaintiff cannot obtain through alternative means.  Defendants assert that

1  confidentiality is required for performance evaluations because it engenders consistency and
2  confidence in the Department's performance evaluation process, which enhances critical and
3  candid assessments that are vital to deputies, their superiors and the public. (Doc. No. 17-1
4  ¶5.) Defendants also assert that disclosing training records could endanger officer lives
5  because anyone who wanted to could learn details about how officers are trained to accomplish
6  their missions in specific situations. (Doc. No. 17 at 2.) The Court finds that disclosure of this
7  information subject to a protective order will not harm this generally asserted governmental
8  interest in confidentiality of performance evaluations and training records. See Kelly, 114
9  F.R.D. at 662 ("[I]t is important to emphasize that in many situations what would pose the
10 threat to law enforcement interests is disclosure to the public generally, not simply to an
11 individual litigant and/or her lawyer."). Therefore, Defendants are to produce all relevant
12 documents or portions thereof responsive to Request No. 9 (discussed above), with sensitive
13 personal information redacted and subject to the protective order entered in this case.

**Conclusion**

15 Defendants are to produce the documents identified in the privilege log as p0001-p0053,
16 p0075-0077, p0080, p0082-0088, p0141-p0174, p0258-0279, p0280-0299, p0439, p0443-
17 0448, p0452-0455, p0477, p0479, p0494-0498, p0512-0517, p0543, p1255, p1257, and the
18 relevant portions identified of documents p0307-0354 and p1218-1247, no later than
19 **December 3, 2010**. Defendants are to redact sensitive personal information that has no
20 bearing on this case in accordance with the provision regarding redactions in the protective
21 order. The production of these documents is subject to the protective order entered in this case.
22 **IT IS SO ORDERED.**
23 DATED: November 23, 2010

                                              **BERNARD G. SKOMAL**
                                              United States Magistrate Judge